IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB EDWARD HARRAHILL,<br><br>Plaintiff,<br><br>vs.<br><br>TECUMSEH STATE CORRECTIONAL INSTITUTION, Health Services - Medical; and STATE OF NEBRASKA,<br><br>Defendants. | 4:21CV3022<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on January 27, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). Now that Plaintiff has paid the required initial partial filing fee, the court conducts an initial review of his Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins*

*v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges he suffered severe head and spine injuries when he fell at the Tecumseh State Correctional Institution ("TSCI") on January 2, 2018, and claims he has not been receiving proper medical treatment for his injuries.

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff sues the State of Nebraska and TSCI, which is a state instrumentality. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). In addition, a state or state instrumentality is not a "person" as that term is used in § 1983, and is not suable under the statute. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991). Plaintiff's Complaint therefore fails to state a claim upon which relief may be granted under § 1983.

Eleventh Amendment immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. § 1983 that seek equitable relief from state employee defendants acting in their official capacities. State officials sued in their official capacities for injunctive relief are "persons" under section 1983, because official capacity actions for prospective relief are not treated as actions against the state. *Hafer v. Melo*, 502 U.S. 21, 27 (1991); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

On its own motion, the court will allow Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff must identify personal involvement or responsibility by a named individual for the constitutional violations. *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *see also Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("Although it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions."). Plaintiff should be mindful to identify the defendants and explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right Plaintiff believes the defendant violated.

In drafting his amended complaint, Plaintiff should note that, to prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S.

3

97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. This means Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Allegations suggesting that staff acted negligently are insufficient to support an Eighth Amendment claim. *See Estelle*, *supra* (holding that mere negligence or medical malpractice are insufficient to rise to a constitutional violation). Moreover, a supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a *respondeat superior* theory. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Rather, a supervisor's liability arises if "a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (1996). Such a claim "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* Furthermore, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

IT IS THEREFORE ORDERED:

1. Plaintiff's claims for monetary relief against Defendants are dismissed as barred by the Eleventh Amendment.

2. Plaintiff shall file an amended complaint by **April 26, 2021**, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. **Plaintiff is warned that an amended complaint will supersede, not supplement, his Complaint**.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

4. The clerk of the court is directed to send a "Complaint for Violation of Civil Rights (Prisoner)" to Plaintiff with a copy of this Memorandum and Order.

5. The clerk of the court is directed to set a pro se case management deadline using the following text: **April 26, 2021**, check for amended complaint.

Dated this 25th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge