IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACOB EDWARD HARRAHILL,<br><br>Plaintiff,<br><br>vs.<br><br>FREDERICK ROCK, JEFFREY DAMME, and JEFFERY KASSELMAN,<br><br>Defendants. | 4:21CV3022<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff, a state prisoner, filed his pro se Complaint (Filing 1) on January 27, 2021, and has been granted leave to proceed in forma pauperis ("IFP"). The court determined on initial review that Plaintiff's Complaint fails to state a claim upon which relief may be granted, but on its own motion gave Plaintiff leave to amend. See Memorandum and Order entered on March 25, 2021 (Filing 8). An Amended Complaint was timely filed on April 16, 2021 (Filing 9). The court will now conduct an initial review of Plaintiff's Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. LEGAL STANDARDS ON INITIAL REVIEW

The Prison Litigation Reform Act ("PLRA") requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On such initial review, the court must "dismiss the complaint, or any portion of the complaint," it determines "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Comparable language is contained in 28 U.S.C. § 1915(e)(2)(B) (applicable to IFP plaintiffs).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff, who currently is incarcerated at the Omaha Correctional Institution, alleges he suffered severe head and spine injuries when he fell from a height of about 12 feet at the Tecumseh State Correctional Institution ("TSCI") on January 2, 2018, and claims he did not receive proper medical treatment for his injuries while housed at that facility. Named as Defendants are three medical doctors at TSCI, from whom Plaintiff seeks to recover compensatory damages.

## III. ANALYSIS

Liberally construing Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal

statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff purports to sue Defendants in their individual and official capacities, but, as the court explained in its previous memorandum and order, the Eleventh Amendment bars § 1983 claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. TSCI is operated by the Nebraska Department of Correctional Services, a state agency.

Plaintiff alleges Defendants were negligent and deliberately indifferent in failing to treat his injuries, but "[s]howing medical malpractice is not enough: '[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment.'" *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Rather, an inmate must show that the provider disregarded 'a known risk to the inmate's health.'" *Id.* (quoting *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)).

To prevail on an Eighth Amendment claim, a plaintiff must prove that the defendants acted with deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes both an objective and a subjective component. This means Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) the defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)). Furthermore, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

Plaintiff's Amended Complaint does not contain sufficient facts to permit a reasonable inference to be drawn that each of the three Defendants was deliberately indifferent to Plaintiff's serious medical needs, nor does the pleading give fair notice to Defendants of the nature and basis or grounds for Plaintiff's claims. The only Defendant referenced in Plaintiff's descriptive statement of his claims is Dr. Rock, who allegedly made a "discriminatory comment" that "there's no way I have pain

because of my young age." (Filing 9, p. 4.)[1] This is not actionable discrimination, and the comment on its own does not show that the doctor deliberately disregarded a known risk to Plaintiff's health.

## IV. CONCLUSION

Plaintiff's Amended Complaint (Filing 9) is subject to preservice dismissal for failure to state a claim upon which relief may be granted. However, the court will give Plaintiff another opportunity to amend, and again advises Plaintiff to explain when and what each Defendant did or failed to do, and how the Defendant's actions or inactions harmed him.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file a second amended complaint that states a claim upon which relief may be granted. **Failure to file a second amended complaint within the time specified will result in the court dismissing this case without further notice to Plaintiff.**

2. If Plaintiff files a second amended complaint, he shall restate the allegations of the Amended Complaint (Filing 9) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files a second amended complaint.

---

[1] It is alleged in the original Complaint that the comment was a July 20, 2018 notation in Plaintiff's medical records, "Chronic pain – in a 21 yo ??" (Filing 1, p. 13.) It appears this entry was actually made by Dr. Damme, and was his diagnostic impression, accompanied by a further notation, "Rheumatoid panel in the past was N̶ [negative]." (Filing 1, p. 25.)

4

4. The clerk of the court is directed to set a pro se case management deadline using the following text: **June 25, 2021**, second amended complaint due.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 26th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge